FILED

2016 Jan-11  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

BRAD WALKER,                            )
                                        )
    Plaintiff,                  )
                                        )
    vs.                         )        CASE NO.  7:15-CV-1401-SLB
                                        )
M E R C E D E S - B E N Z   U . S .     )
INTERNATIONAL, INC.,                    )
                                        )
    Defendant.                  )

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice.  (*See* Case No. 7:10-CV-0467-SLB, doc. 87.)[1]  For the reasons set forth below, the court finds the Joint Motion is due to be granted and Brad Walker's claims are due to be dismissed with prejudice.

With regard to Settlement Agreements in FLSA cases, the court notes:

[T]he FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29

---

[1]The Joint Motion and the Settlement Agreement was filed in *Ledbetter v. MBUSI*, Case No. 7:10-CV-0467-SLB, although it concerns the settlement of the claims of all plaintiffs named in that action, including Walker, before their claims were severed and refiled. Reference to a document number, ["Doc. ____"], refers to the number assigned to each document as it is filed in the court's record.

U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties – plaintiff Brad Walker and defendant Mercedes-Benz U.S. International, Inc., [MBUSI] – have filed their Settlement Agreement with their Joint Motion. (*See* Case No. 7:10-CV-0467-SLB, doc. 87 at 14-48.) Based on the court's review of the Agreement, the court finds that the settlement is a fair and reasonable compromise of the bona fide disputes over FLSA coverage and available relief.

2

**1.  Bona Fide Dispute.**

The Joint Motion states, "Plaintiffs contend that as Maintenance Team Members and Leaders at MBUSI they were required to work various unpaid lunch periods.  As a result, Plaintiffs claim they are entitled to overtime pay for hours worked in excess of forty (40) hours in a work week when working those lunch periods caused Plaintiffs' hours to exceed forty hours per week."  (Case No. 7:10-CV-0467-SLB, doc. 87 ¶ 8; *see also id.* ¶ 11.) Defendant denies plaintiffs were required to work during their lunch periods, (*id.* ¶ 11), and it also contends that "it is entitled to an offset for additional compensation it [had] paid to Plaintiffs which it was not required to pay under the FLSA," (*id.* ¶ 8).

The court finds that there are bona fide disputes as to FLSA coverage for unpaid meal periods and, if such meal periods are compensable, the amount of each plaintiffs' backpay and the amount, if any, of defendant's offset.

**2.  Reasonable Compromise**

**a.  Plaintiffs' Claims**

Pursuant to the terms of the Settlement Agreement, "each named Plaintiff and David Sturdivant"[2] will be paid "the gross sum of $5,000.00 less deductions."  (*Id.* at 8; *see id.* at 20.)  As part of the resolution of their dispute, the parties agreed to the following "lunch period policy for Maintenance Team Members and Team Leaders:"

---

[2]According to the parties, "on March 7, 2013, David Sturdivant filed a Notice of Filing of Consent to Joinder in the case (Doc. #45) although he never filed a motion to join the lawsuit."  (Doc. 87 at 2.)

(A)  MBUSI at all times retains the right to schedule its Maintenance Team Members and Team Leaders and to modify its lunch period policy;

(B)  Maintenance Team Members and Team Leaders are scheduled to take an unpaid, uninterrupted lunch period each work day during a normal production shift;

(C)  On certain non-production maintenance work days such as weekends and holidays, Maintenance Team Members and Team Leaders may be scheduled to work a shift without a lunch period and they are paid for all time worked on such a shift;

(D)  If Maintenance Team Members or Team Leaders are interrupted during their lunch period, Maintenance Team Members or Team Leaders are directed to work with their Group Leader to schedule another lunch period if possible;

(E)  In the event that Maintenance Team Members or Team Leaders do not receive a full uninterrupted lunch period during their work day, he/she should fill out and submit an overtime request sheet and he/she will be paid for the lunch period;

(F)  No Maintenance Team Member or Team Leader complying with this policy will be retaliated against by MBUSI for seeking pay for a missed lunch period;

(G)  In the absence of unusual or abnormal conditions, Maintenance Team Members and Team Leaders are permitted to turn off their radios during lunch, take lunch off premises, and/or otherwise engage in personal activities during their lunch period; and

(H)  Generally, MBUSI does not consider a brief question or comment to constitute an interruption to the lunch period.

(*Id*. at 21-22.)  Also, as part of the Settlement Agreement, plaintiffs have agreed to release and waive all FLSA claims set forth in their Complaints or that could have been set forth in their complaints.  (*Id*. at 23-24.)  The parties also agreed that Sturdivant, who has not filed

a Complaint, releases and waives all FLSA claims that could have been asserted.  (*Id*. at 24.)  The Settlement Agreement does not contain a confidentiality clause.

Based on the foregoing, the court finds the Settlement Agreement represents a reasonable compromise of Ledbetter's FLSA claims.

### b.  Attorneys' Fees and Costs

Pursuant to the Settlement Agreement, defendant has agreed to pay plaintiffs' counsel $100,000 for attorneys' fees and costs.  (*Id*. at 20.)  This amount includes $69,033.06 as attorneys' fees[3] and $30,966.94 as costs.  (*Id*.)  The cost amount includes counsel's actual costs, as well as $5,000 to David Ledbetter as compensation for "his work and service assisting Plaintiff's counsel on behalf of all Plaintiffs."  (*Id*. n.1.)

The court finds that this compromise of the plaintiffs' attorneys' fees and costs to be reasonable.

---

[3]According to the Joint Motion, plaintiffs' counsel "devoted approximately 296.8 hours to this case," and the resulting attorneys' fees totaled $154,990.  (Doc. 87 at 9.)  The amount agreed upon for attorney's fees represents slightly less than 45% of the actual fee.

**CONCLUSION**

The court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.  An Order granting the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice, (doc. 87), and dismissing Walker's claims with prejudice will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 11th day of January, 2016.


SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE